IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 07-0919
════════════
 
In re Reza Zandi
 
 
════════════════════════════════════════════════════
On Petition for Writ of Habeas 
Corpus
════════════════════════════════════════════════════
 
 
SUPPLEMENTAL 
OPINION ON REHEARING
 
 
            
In support of the motion for rehearing of the real party in interest, 
Kathleen Richardson, the Harris County Domestic Relations Office has submitted a 
brief as amicus curiae, requesting clarification of the Court’s opinion. Amicus 
acknowledges that when a person appears at a status hearing set by the court in 
a contempt or commitment order as a condition of suspension of his sentence for 
failure to pay child support, without notice of any assertion that suspension 
will be revoked, the court cannot revoke suspension without notice and a second 
hearing. The amicus states:
 
            
If the respondent appears at the compliance (status) hearing and the 
movant alleges noncompliance and requests revocation, 
the trial court must conduct a subsequent or second hearing. The trial court 
cannot revoke the suspension of commitment or impose sentence without affording 
the respondent a subsequent hearing, thereby satisfying the due process 
“hearing” requirement. . . . The subsequent or second hearing is required even 
if the “conditional” contempt or commitment order provides that failure to 
comply will result in confinement “without any further notice to the 
respondent.”
 
This, of 
course, is what our opinion holds.
            
The amicus argues that respondent need not be given other notice of the 
status hearing besides the setting contained in the contempt or commitment 
order. Our opinion imposes no such requirement. We hold only that, as the amicus 
recognizes, respondent’s suspension cannot be revoked at the status hearing 
without prior notice that revocation will be sought, affording the respondent an 
opportunity to prepare any defense to specific complaints. The amicus argues 
that relator Zandi “received 
notice of the compliance hearing at the contempt stage of the proceeding and 
neither case law nor statute require subsequent additional notice before 
proceeding with a compliance hearing.” We agree. But Zandi did not receive written notice prior to the compliance 
hearing that Richardson intended to seek revocation, stating 
the reasons. It is for want of that notice that Zandi 
is entitled to discharge.
            
Richardson’s motion for rehearing is 
denied.
 
Opinion delivered: December 19, 
2008